**COUNTY OF DURHAM, Appellant,**

v.

**RICHARDS & ASSOCIATES,
INC., Appellee.**

No. 83–2189.

United States Court of Appeals,
Fourth Circuit.

Argued June 7, 1984.
Decided Aug. 23, 1984.

S.C. Kitchen, Asst. County Atty., Durham, N.C., for appellant.

C. Allen Foster and Richard D. Conner, Greensboro, N.C. (Eric C. Rowe and Foster, Conner & Robson, P.A., Greensboro, N.C., on brief), for appellee.

Before WIDENER, MURNAGHAN and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

The County of Durham appeals from an order compelling it to arbitrate a dispute with Richards & Associates, Inc. (Richards) and from orders denying its motion to stay arbitration and its motion to disqualify counsel. Durham argued below that it had no duty to arbitrate because its agreement to arbitrate with Richards contained a two year limitation period and that the claim which Richards seeks to arbitrate arose over five years ago. The district court concluded that the question of untimeliness must be resolved by the arbitrator. Arguing that the district court's orders are not at present reviewable, Richards urges dismissal of this appeal. We, however, find that the dispositive order to compel arbitration is appealable, and we affirm the district court's order.

## I.

In 1975 Richards contracted to perform the electrical work required for the construction of the Durham County Judicial Building. Richards completed work on May 29, 1979, and four years later submitted a claim for over $200,000 in damages allegedly due to delay and changes in the work caused by Durham. Durham denied the claim, and Richards demanded arbitration. The contract between Durham and Richards contained an arbitration clause, but the agreement to arbitrate was limited to timely claims, that is, claims that, if raised in court, would not be barred by the applicable statute of limitations. In North Carolina there is a two year limitation period for claims against counties. N.C.Gen.Stat. § 1–53.

Over Durham's argument that the agreement to arbitrate this claim was no longer in effect, the district court held that the question of timeliness was a question for arbitration.

## II.

The threshold question on appeal is whether this court has jurisdiction to review the district court's orders. Although the district court both denied Durham's motion to stay arbitration and granted Richards' motion to compel arbitration, we consider the order to compel to be the dispositive order in this case. Durham filed its motion to stay in state court under N.C.Gen.Stat. §§ 1–567.3 and 1–567.16, together with a request for a declaratory judgment barring Richards from seeking arbitration and requests for a temporary restraining order and preliminary injunction. Richards removed the case to federal court on diversity grounds and subsequently filed a motion to compel arbitration under § 4 of the United States Arbitration Act.[1] Because there was no action pending on the claim underlying the dispute over arbitration, the order to compel pursuant to § 4 resolved the issues presented to the district court, and there is no need for us to address the question of whether the district court properly denied the motion to stay under North Carolina law. It is the order to compel, without consideration of the denial of the motion to stay, that we find appealable.[2]

---

1. 9 U.S.C. § 4. Section 4 provides in relevant part that:

   A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

2. Because we do not address the district court's denial of the motion to stay, we have denied the Times-World Corporation's motion for leave to file brief as *amicus curiae* on the question of

Durham argues that the district court's order to compel is an appealable final order within the meaning of 28 U.S.C. § 1291. Because the order compelling arbitration pursuant to § 4 effectively put the parties out of federal court, we agree. As one well respected treatise has stated, "It has been consistently held that [a § 4] proceeding is an independent action, and that an order directing arbitration or dismissing the petition is appealable as a final order under 28 U.S.C. § 1291." 9 J. Moore and B. Ward, *Moore's Federal Practice* ¶ 110.-20[4.–1] at 246 and n. 3 (2d ed. 1983). Indeed, the eight circuits that have addressed the issue have concluded that an order to compel entered pursuant to § 4 is a final order. *E.g., Johnson Controls, Inc. v. City of Cedar Rapids, Iowa,* 713 F.2d 370, 372 (8th Cir.1983) (order to compel issued in a § 4 proceeding considered an appealable final order without discussion); *Cincinnati Gas & Electric Co. v. Benjamin F. Shaw Co.,* 706 F.2d 155, 158 (6th Cir.1983) (order which both compels arbitration and stays proceedings pending arbitration satisfies finality requirement of § 1291); *University Life Insurance Co. of America v. Unimarc Ltd.,* 699 F.2d 846, 849–50 (7th Cir. 1983) (order compelling arbitration is a reviewable final order even though district court retained jurisdiction to provide any further relief that may become appropriate); *Coastal Industries v. Automatic Steam Products,* 654 F.2d 375, 377 n. 1 (5th Cir. Unit B 1981) ("an order compelling arbitration is a final, appealable order under 28 U.S.C. § 1291"); *Par Knit Mills v. Stockbridge,* 636 F.2d 51, 53 (3rd Cir.1980) (order to compel arbitration is a final order under 28 U.S.C. § 1291); *Karavos Compania Naviera v. Atlantica Export Corp.,* 588 F.2d 1, 7 (2d Cir.1978) ("an order under § 4 of the Arbitration Act is appealable as a final order"); *New England Power Co. v. Asiatic Petroleum Co.,* 456 F.2d 183, 188 (1st Cir.1972) (an order compelling arbitration, as opposed to an order to stay court proceedings pending arbitration, is appealable under § 1291); *John Thompson Beacon Windows Ltd. v. Ferro, Inc.,* 232 F.2d 366, 369 (D.C.Cir.1956) (finality is obtained when district court either orders arbitration or dismisses proceeding) (dictum).

Richards contends that there is a split among the circuits concerning whether an order to compel arbitration is appealable and cites as support for its contention two Second Circuit cases, *Stathatos v. Arnold Bernstein S.S. Corp.,* 202 F.2d 525 (2d Cir.1953) and *In re Pahlberg Petition,* 131 F.2d 968 (2d Cir.1942). In *Stathatos,* the Second Circuit held that an order vacating an arbitration award and ordering resubmission was not appealable because "it does not finally determine any claim. Both the parties and the court below have treated the proceeding as a continuous one throughout, and all the orders have been entered and docketed on that basis." 202 F.2d at 526. Richards, however, ignores the distinction between an order to arbitrate entered during the course of continuing proceedings and an order to arbitrate such as the one issued below which settles the only question raised by the parties in federal court.[3] It is this distinction that led the Second Circuit in *Chatham Shipping Co. v. Fertex Steamship Co.,* 352 F.2d 291, 294 (2d Cir.1965), to conclude:

that although an order directing arbitration is interlocutory when made in the course of continuing litigation, it is considered a final decision when handed down in an independent proceeding under § 4 of the Arbitration Act. *Farr & Co. v. Cia. Intercontinental de Navegacion,*

whether an order denying a stay of commercial arbitration is appealable.

**3.** The distinction is important in this case because when it is made, as the Second Circuit has made it, there is no conflict among the circuits concerning whether an order compelling arbitration is appealable when it is entered in a § 4 proceeding independent of proceedings concerning the claims underlying the dispute over arbitrability. We note that a number of circuits have held that an order compelling arbitration is appealable even when it is entered in the course of a dispute over the underlying claim, *see, e.g., Cincinnati Gas & Electric Co. v. Benjamin F. Shaw Co.,* 706 F.2d 155, 158 (6th Cir. 1983), but we emphasize that our decision is limited to the facts before us.

243 F.2d 342 (2 Cir.1957); *Intercontinental Transportation Co. v. States Marine Lines, Inc.*, 297 F.2d 249 (2 Cir.1961). As Judge Friendly went on to note in *Chatham*, the Supreme Court has held that an order to arbitrate under § 301(a) of the Taft-Hartley Act is appealable as a final judgment, *Goodall-Sanford, Inc. v. United Textile Workers*, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1953), and although the Court disclaimed passing on the related question under the Arbitration Act, "there is no really tenable ground for distinction." 352 F.2d at 294.

■ When, as in this case, the only dispute brought before the district court is whether the parties have an obligation to arbitrate, the order compelling arbitration disposes of the whole case on its merits and is, therefore, a final order. *See Bostwick v. Brinkerhoff*, 106 U.S. 3, 4, 1 S.Ct. 15, 16, 27 L.Ed. 73 (1882) (an order is final when it "disposes of the whole case on its merits"). *Cf. Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 10, 103 S.Ct. 927, 934, 74 L.Ed.2d 765, 776 (1983) (stay, in deference to parallel litigation in state court, of a suit to compel arbitration under § 4 held appealable as a final order because the stay "meant that there would be no further litigation in the federal forum").

■ Richards correctly points out that the district court may be called on again to enforce the award. But whether or not the district court will have occasion to make further rulings in this dispute is a matter of speculation and as such it should not bear on the issue of appealability. The possibility that the parties would return to federal court in an enforcement proceeding did not prevent the Supreme Court in *Cone Memorial Hospital* from holding that the stay of § 4 proceedings in that case was a final order, perhaps because the possibility of return was no more than a possibility. As the Seventh Circuit has stated, "it is possible that no awards will be made—that the arbitrators will resolve all issues against the claimants—in which event judicial enforcement will never be sought," *University Life Insurance Co. of America*, 699 F.2d at 850. *See also* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice. and Procedure* § 3914 at p. 554 (1976). ("So long as the order disposes of all the relief actually requested, however, finality is properly found. The party seeking arbitration has chosen not to anticipate disregard of the award, and it may be expected that such awards are ordinarily honored.") Moreover, in this case, as opposed to the case addressed by the Seventh Circuit in *University Life Insurance*, the district court did not explicitly retain jurisdiction to provide any further relief that might be required. Therefore, in the perhaps unlikely event that enforcement of the award would be requested, the request would have to come through a separate proceeding instituted under § 9 of the Arbitration Act.[4]

In this case the only issue raised by the parties in federal court was whether Durham had a duty to arbitrate the claim that Richards asserts. This issue was conclusively resolved by the district court. Therefore, this court has jurisdiction under 28 U.S.C. § 1291 to review the district court's order compelling arbitration.[5]

### III.

■ We now address the merits of the district court's order compelling arbitration. Durham correctly points out that two parties cannot be compelled to arbitrate

---

4. 9 U.S.C. § 9.

5. Because we conclude that the order compelling arbitration in this case is a final order appealable under 28 U.S.C. § 1291, we do not reach the question of whether it may also be considered an injunctive order for purposes of 28 U.S.C. § 1292. We note, however, that the District of Columbia Circuit has concluded that a § 4 proceeding is not a suit "for injunctive relief in the traditional sense, nor even for specific performance strictly speaking. It [is] for a unique statutory remedy." Therefore, an order pursuant to § 4 would not be appealable under § 1292. *John Thompson Beacon Windows v. Ferro, Inc.*, 232 F.2d 366, 369 (D.C.Cir.1956). *See also* 9 J. Moore & B. Ward, *Moore's Federal Practice* ¶ 110.20 [4.–1] at 247.

unless they have contractually agreed to settle their dispute through arbitration. It then argues that it only agreed to arbitrate claims raised by Richards within the contract's two year time limit. Because that time limit has run, Durham contends, there is no longer an agreement to arbitrate. As support for this contention, Durham cites *Jamaica Mines v. La Societe Navale Caennaise*, 239 F.2d 689 (4th Cir.1956) in which we construed a time limit in an arbitration contract to mean that unless an arbitrable dispute arose within the time limit, "and arbitration was sought within the same time, the parties were to be left where they found themselves. To hold otherwise would be for us to rewrite the contract without power to renegotiate its terms." 239 F.2d at 694.

■ *Jamaica Mines,* however, is inapposite. In that case, one party unsuccessfully employed a breached arbitration agreement as a defense to suit. The district court was not called on to compel arbitration, rather it was asked to dismiss the pending contract suit. When a limitations question is raised to defeat a motion to compel arbitration, however, the question is one for the arbitrator, not the courts. We previously addressed this issue in *In Re Mercury Construction Corp.*, 656 F.2d 933 (4th Cir.1981) *(en banc), aff'd sub nom. Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In *Mercury,* the hospital alleged that Mercury had failed to make a timely demand for arbitration and had therefore waived its right to arbitrate. 656

F.2d at 936–37. We held that "any claim of untimeliness, waiver, or laches ... is for the arbitrator and may not be an excuse for non-arbitrability." 656 F.2d at 942. *See also Conticommodity Services v. Phillipp & Lion,* 613 F.2d 1222, 1226 (2d Cir.1980) ("whether Phillipp's original demand to arbitrate its dispute with Conti was time barred under the one-year provision in the parties' private agreement... is within the exclusive province of the arbitrator."); *O'Neel v. National Association of Securities Dealers,* 667 F.2d 804 (9th Cir.1982) (validity of limitations defenses to enforcement of arbitration agreements should be determined by the arbitrator); *Belke v. Merrill Lynch, Pierce, Fenner & Smith,* 693 F.2d 1023, 1028 (11th Cir.1982) (issue of whether a request for arbitration is timely under the terms of the contract is an issue properly resolved by the arbitrator).

■ Our decision in *Mercury* and the other Courts of Appeals' decisions cited are in accord with the Supreme Court's reasoning in *Cone Memorial Hospital.* There the Court stated:

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

460 U.S. at 2425, 103 S.Ct. at 941–42, 74 L.Ed.2d at 785. Accordingly, we conclude that the district court properly granted Richards' motion to compel arbitration.[6]

---

**6.** Our conclusion is not affected by Durham's complaint that the district court improperly failed to disqualify counsel for Richards. Even assuming, without deciding, that a failure to disqualify counsel might be grounds for reversal and that a violation of the American Bar Association's Model Rules of Professional Responsibility might raise grounds for disqualification, we perceive no violation.

C. Allen Foster, the attorney representing Richards in this case, previously arbitrated a dispute between Durham and W.J. Megin, Inc., the general contractor on the Durham County Judicial Building. According to Durham's allegations, that arbitral dispute involved essentially

the same damage claims now raised by Richards. Durham, thus, argues that Foster's representation of Richards violated Rule 1.12 of the ABA's Model Rules of Professional Conduct which states that "a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or ... arbitrator ... unless all parties to the proceeding consent after disclosure." Even accepting Durham's allegations as true, the present dispute over whether the parties must arbitrate the claims raised by Richards clearly does not involve the same "matter" as the Megin arbitration. Moreover, counsel for Richards assured the court at oral argument

## IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

that Mr. Foster would take no part in representing Richards during the arbitration of its claims.