983 F.2d 1057
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James O'BRIEN; John H. Carter, III, Plaintiffs-Appellants,
v.
MARYLAND PUBLIC EMPLOYEES COUNCIL 67, American Federation of
State, County and Municipal Employees, AFL-CIO,
Defendant-Appellee.
 No. 92-1586.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 1, 1992
Decided: January 11, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-91-2511-HAR, CA-91-2512-HAR)
 ARGUED: David Arnold Sherbow, Baltimore, Maryland, for Appellants.
 Joel Allen Smith, Kahn, Smith & Collins, P.A., Baltimore, Maryland, for Appellee.
 D.Md.
 Affirmed.
 Before WILKINS, Circuit Judge, CHAPMAN, Senior Circuit Judge, and MORGAN, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 James O'Brien and John H. Carter, III appeal from an order of the district court granting the motion of Maryland Public Employees Council 67, American Federation of State, County, and Municipal Employees, AFL-CIO (Council) to stay the proceedings pending arbitration. We conclude that the district court properly granted the motion. Accordingly, we affirm.
 
 I.
 
 2
 O'Brien and Carter held staff positions with the Council and were covered under a staff union agreement (SUA). In June of 1991, the executive director of the Council relieved O'Brien and Carter of their duties, maintaining that they violated a provision of the SUA. O'Brien and Carter grieved their terminations with the president of the Council as provided by the SUA.[1] After an exchange of letters between the executive director and the president, the president concluded that the terminations were without cause and demanded that the executive director reinstate the employees. The executive director refused to comply with this directive.
 
 
 3
 O'Brien and Carter filed suit against the Council, claiming that they were terminated without just cause in violation of the SUA.[2] They sought reinstatement, an award of back pay, and compensation of damages and costs, including attorney's fees. The Council demanded that the dispute be arbitrated and moved to stay the proceedings pending arbitration. The district court granted the motion, and this appeal followed.
 
 II.
 
 4
 O'Brien and Carter urge us to decide whether, under the terms of the SUA, the parties agreed to arbitrate differences arising under the agreement, and whether the Council has the right to request arbitration. Our review of the record, however, reveals that in their submissions to the district court, O'Brien and Carter acknowledged that the SUA imposed a requirement of arbitration on the employees and the Council and that both parties had the right to request arbitration.[3] O'Brien and Carter claim that the request of the Council for arbitration was untimely, and that the district court erred in determining that this question should be resolved by arbitration.[4] Consequently, the question presented for our resolution is whether the district court erred in granting the motion to stay on the ground that the issue of waiver is one properly decided by an arbitrator. See Gerding v. Republic of France, 943 F.2d 521, 524 (4th Cir. 1991) (noting that appellate courts will not notice, absent exceptional circumstances, issues not raised below), petition for cert. filed, 60 U.S.L.W. 3481 (U.S. Dec. 4, 1991) (No. 91-956).
 
 
 5
 It is well established that "[w]hen a limitations question is raised to defeat a motion to compel arbitration ... the question is one for the arbitrator, not the courts." County of Durham v. Richards & Assocs., 742 F.2d 811, 815 (4th Cir. 1984). This rule compels the conclusion that the district court properly granted the motion to stay the proceedings. We therefore affirm the ruling of the district court.
 
 AFFIRMED
 
 
 [1]
 The SUA provides that a grievance shall be submitted to the president of the Council, and that within five days, the president shall meet and discuss the grievance with the union representative and the employee. Within five days following the meeting, the president must render a decision on the grievance. A request for arbitration must be made within ten days of this decision
 
 
 [2]
 O'Brien and Carter filed separate claims and did not join their bargaining units as agents. The Council moved to consolidate the actions, and the district court granted the motion. On appeal, O'Brien and Carter do not contest this ruling
 
 
 [3]
 O'Brien and Carter's recognition of the agreement to arbitrate and of the right of the Council to request arbitration appears in three separate filings. In their complaint they alleged that the Council"waived its rights [under the SUA] by failing to request arbitration within ten (10) days." Further, in their motion for summary judgment, they contended that the Council had two possible remedies to contest the president's decision (i.e. filing a request to arbitrate within ten days or an action in federal court). Since the Council pursued neither option, according to O'Brien and Carter, it "waived any rights it may have had to appeal the [d]ecision." Finally, in their response to the motion to stay, O'Brien and Carter stated that they agreed with the Council that their terminations were arbitrable and that the only issue for decision by the district court was whether the Council waived its right to arbitrate
 
 
 [4]
 Accordingly, the district court framed the "sole issue" before it as whether a court or an arbitrator should decide the issue of whether the Council waived its right to arbitrate