**ALLEN GROUP, INC., The Testproducts Division, a Delaware corporation; Allen Group International, a Delaware corporation, Plaintiffs,**

v.

**ALLEN DEUTSCHLAND GMBH, jointly and severally; VLT/Werkstatt Technik AG, jointly and severally; Allen Test, Ges.m.b.H., jointly and severally; Erwin Bertschi, individually and as officer, director and/or shareholder of Allen Deutschland GMBH, VLT/Werkstatt Technik AG, and Allen Test Ges.m.b.H., jointly and severally, Defendants.**

No. 4:93–CV–2.

United States District Court,
W.D. Michigan,
Southern Division.

Dec. 2, 1994.

Scott Graham, Alfred J. Gemrich, Gemrich, Moser, Bowser & Lohrmann, Kalamazoo, MI, for plaintiffs.

Louise B. Wright, Miller, Canfield, Paddock & Stone, Curtis E. Hall, Stryker Corp., Kalamazoo, MI, for defendants.

## OPINION

QUIST, District Judge.

Plaintiff, The Allen Group, Inc., Testproducts Division (Allen Group) is seeking an order pursuant to 9 U.S.C. §§ 201, 202, 203, 207 and 208, confirming the arbitration awards dated May 2, 1994, rendered in the matter between The Allen Group, Inc., Testproducts Division, as claimant, and VLT Werkstatt–Technik AG (VLT) and Erwin Bertschi (Bertschi), as Respondents, American Arbitration Association (AAA) Case No. 54–T181 0157 93. Plaintiff is also requesting that this Court enter judgment against VLT and Bertschi based upon the AAA award.

### BACKGROUND FACTS

The plaintiff, Allen Group is a Delaware corporation with its principal place of business in Kalamazoo, Michigan. The Defendant, VLT, is a Swiss corporation with its principal place of business in Bern, Switzerland. Defendant Bertschi is an individual residing in Switzerland. On March 25, 1985, plaintiff entered into a Distribution Agreement with VLT for the distribution of Allen products in Germany, Austria and Switzerland. Bertschi, the majority owner and Director of VLT, signed the Distribution Agreement on behalf of defendants. The Distribution Agreement provides, among other things, as follows:

This Agreement shall be construed and interpreted according to the laws of the State of Michigan–U.S.A. Any controversy or claim regarding the application, interpretation, or breach of this Agreement shall at the request of either party, be settled by arbitration in accordance with the rules then obtaining of the American Arbitration Association. This Agreement shall be enforceable and judgment upon any award rendered by the arbitrator, or by all or a majority of arbitrators, may be entered in any court having jurisdiction. The arbitration shall be held in Michigan,

or wherever jurisdiction may be obtained over the parties.

Disputes arose between the parties, and in December 1992, plaintiff initiated this action in the Kalamazoo County Circuit Court. On January 12, 1993, the defendants had the case removed to this Court pursuant to Fed.R.Civ.P. 81(c). At the time the action was removed from state court to this Court, lawyer Curtis Hall and the law firm of Miller, Canfield, Paddock and Stone (Miller, Canfield) represented all defendants. After removing the case to this Court, defendant VLT filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction, and all defendants filed a motion to dismiss the complaint or to stay proceedings and compel arbitration. Plaintiff filed responses to defendants' motions and a motion to remand the action back to state court. On June 23, 1993, all of the parties requested this Court to enter a "Consent Judgment" which was approved as to form and content by all parties. The Court signed the "Consent Judgment."

Although the document submitted by the parties was entitled "Consent Judgment," it did not fully dispose of the case. The Consent Judgment resolved several issues raised by the parties in their motions, and ordered arbitration between plaintiff and defendants.[1] Pursuant to the Consent Judgment, all claims raised by plaintiff against Allen Deutschland GMBH were submitted to arbitration before the Zurich Chamber of Commerce in Zurich, Switzerland; those proceedings are still pending. All claims raised by plaintiff against VLT and Erwin Bertschi were submitted to arbitration before the American Arbitration Association.

On March 24, 1994, the AAA conducted a hearing in Kalamazoo, Michigan in the Western District of Michigan. On May 2, 1994, the arbitrators rendered arbitral awards in favor of Allen and against VLT and Bertschi. Plaintiff is seeking an order from this Court confirming the AAA arbitration awards and for entry and enforcement of judgment.

Plaintiff filed a motion and supporting documents to confirm the arbitration awards.

---

1. The "Consent Judgment" is attached to this Opinion for reference.

On September 13, 1994, this Court struck those documents from the record and returned them to plaintiff because the record did not disclose that the pleadings had been served upon defendants. Plaintiff refiled the motion to confirm the arbitration awards together with supporting documents. The proof of service indicates that the motion and supporting documents were served upon Curtis Hall at his Miller, Canfield address and upon William Potter, Jr., a lawyer in Detroit, Michigan.[2] The proof of service also shows service upon Joachim Winter, Brand Kestler Lappat Schutt & Partner, Bockenheiver Lanstrasse 98–100, 8000 Frankfurt AM Main 1, Germany, Richard K. Stauffer, Gerbergasse 20, CH–4001 Basel, Switzerland, VLT Werkstatt Technik AG, Mattenhof, Schulhausstrasse 5, CH–3073, Gumligen/Bern, Switzerland, Erwin Bertschi, Kirchgaessli 7, 3322 Urtenen/Schoenbuehl, Switzerland. This Court received copies of letters to plaintiff's counsel from Miller, Canfield in which Miller, Canfield explained that it no longer represented defendants. This Court also received a copy of a letter from attorney William Potter, Jr., wherein Mr. Potter stated that he no longer represented VLT and further communications should be sent directly to VLT.

On October 26, 1994, this Court ordered the attorneys and defendants to appear at a Show Cause hearing to be held on November 18, 1994. The purpose of the Show Cause hearing was to show why Curtis Hall and Miller, Canfield were no longer representing defendants in this matter;[3] why this case was not totally dismissed by the Consent Judgment dated June 23, 1993, and why a judgment and order confirming the arbitration awards in favor of Allen and against VLT and Bertschi should not be entered as requested by Allen. At the Show Cause hearing Charles Ritter, an attorney from Miller, Canfield, and Curtis Hall asserted that the Consent Judgment which ordered

the parties to arbitrate was a final order and terminated Miller, Canfield's obligation to represent the defendants. Mr. Ritter and Mr. Hall also stated that they had not represented any of the defendants at the arbitration. Miller, Canfield took no position on the request for confirmation and enforcement of the arbitration awards. Neither William Potter, Jr., nor the defendants appeared at the Show Cause hearing. No one claiming to represent any defendant appeared at the Show Cause hearing.

### DISCUSSION

The parties agreed in the Consent Judgment that the Court has jurisdiction and that The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (The Convention) applies to this case. The Convention provides in relevant part:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter [9 U.S.C. §§ 201 et seq.] for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207 (1970).

\* \* \* \* \* \*

> Chapter 1 [9 U.S.C. §§ 1 et seq.] applies to actions and proceedings brought under this chapter [9 U.S.C. §§ 201 et seq.] to the extent that chapter is not in conflict with this chapter [9 U.S.C. §§ 201 et seq.] or the Convention as ratified by the United States.

9 U.S.C. § 208 (1970).

The Federal Arbitration Act (FAA) provides:

---

2. At the Show Cause hearing held on November 18, 1994, plaintiff's attorney stated that William Potter, Jr. represented the defendants at the arbitration before the American Arbitration Association. Attorney Curtis Hall stated that Mr. Potter told him that he did not represent all of the defendants at the AAA arbitration.

3. At the time the case was removed to this Court, Curtis Hall was the attorney at Miller, Canfield responsible for handling this case. Sometime after the Consent Judgment was entered Curtis Hall accepted another position and left the law firm of Miller, Canfield.

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and there upon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 U.S.C. §§ 10, 11]. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9 (1970).

■ A party initiates proceedings to confirm an arbitration award by filing either a petition or motion to confirm the award. *Booth v. Hume Pub., Inc.,* 902 F.2d 925, 932 (11th Cir.1990); also see 9 U.S.C. § 9 and 9 U.S.C. § 207. The district court need not conduct a full hearing on a motion to confirm an arbitration award; such motions may be decided on the papers without oral testimony. *Id.* (citations omitted). In *Booth* the court also noted that the Federal Arbitration Act expresses a presumption that arbitration awards will be confirmed. *Id.* Section 207 of the Convention, 9 U.S.C. § 207 also expresses a presumption that arbitration awards will be confirmed: "The court shall confirm the award unless ..." 9 U.S.C. § 207 (emphasis added).

Plaintiff's motion for an order confirming the arbitration awards and for entry of judg-ment in favor of the Allen Group complied with the requirements set forth in the FAA and the Convention. The motion contained a certified copy of the Distribution Agreement, certified copies of the arbitration awards, proposed orders, and proof of service. See *Geotech Lizenz AG v. Evergreen Systems,* 697 F.Supp. 1248, 1253 (E.D.N.Y.1988). Plaintiff provided proof of service of its motion upon Defendants' counsel of record in this proceeding, all counsel appearing on defendants behalf in the arbitration proceedings, and on defendants themselves. Defendants have not filed a reply to the plaintiff's motion to confirm the arbitration awards and enter judgment thereon.

### I.

At the Show Cause hearing, Curtis Hall and Charles Ritter claimed that they believed the case closed when the Consent Judgment was entered. Additionally, the attorneys stated that they did not represent the defendants at the arbitration proceedings.

■ Prior to a case being finalized, withdrawal of an attorney's appearance may be accomplished only by leave of the court. W.D.Mich.L.R. 22. Mr. Hall and Mr. Ritter cited *County of Durham v. Richards & Assocs.,* 742 F.2d 811 (4th Cir.1984), to support their claim that the action was finalized when the Consent Judgment was entered. In *County of Durham,* Richards & Associates initiated an action in federal court pursuant to section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, seeking an order requiring the County of Durham to submit to arbitration. The district court denied Durham's motion to stay arbitration and granted Richards & Associates' motion to compel arbitration. On appeal the threshold question in *County of Durham* was whether the court of appeals had jurisdiction to review the district court's order. In other words, whether the order to compel arbitration was a final appealable order. The Fourth Circuit considered the order to compel arbitration issued pursuant to 9 U.S.C. § 4 to be a final order under 28 U.S.C. § 1291. The court noted that there is a distinction between an order to arbitrate entered during the course of continuing proceedings and an order to arbitrate which

settles the only question raised by the parties in federal court.[4] The only dispute in *County of Durham* was whether the parties had an obligation to arbitrate, and the order to compel arbitration disposed of the entire case on its merits.

In the instant case, plaintiff's complaint did not request that the Court order arbitration pursuant to 9 U.S.C. § 4. Several motions were pending when the Consent Judgment ordering arbitration was entered. Whether or not arbitration could be ordered was not the only issue presented. Furthermore, the court in *County of Durham* clearly stated that its decision was limited to the facts before it. *Id.* at 813 n. 3. Therefore, the Court finds that *County of Durham* is not determinative.

## II.

Now the Court will address the issue of whether it can confirm the AAA award and enter judgment in the action originally removed to this Court even though the Court did not specifically retain jurisdiction in the Consent Judgment. The Consent Judgment dismissed the claims raised by Allen International without prejudice, it denied as moot plaintiff's motion to remand and defendant VLT's motion to dismiss for lack of personal jurisdiction and ordered that the remaining claims could be presented to arbitration. See Attachment to this Opinion.

■ The Fifth Circuit has held that once a court obtains jurisdiction in an action, that court retains the right to enter judgment on the arbitrator's award which was an outgrowth of the original action. *T & R Enterprises v. Continental Grain Co.*, 613 F.2d 1272, 1279 (5th Cir.1980). Likewise, the Second Circuit held "that a court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate, including a motion to confirm the arbitration award." *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir.1985), *cert. denied*, 475 U.S. 1067, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986), (citing *Marchant v. Mead–Morrison Mfg. Co.*, 29 F.2d 40, 43 (2d Cir.1928); *Lesser*

*Towers, Inc. v. Roscoe–Ajax Construction Co.*, 258 F.Supp. 1005, 1007 (S.D.Cal.1966)). In *Tesoro Petroleum Corp. v. Asamera*, 798 F.Supp. 400 (W.D.Tex.1992), Judge Prado noted the rule set forth in several cases; "if a court is originally seized with jurisdiction of a case and issues an order compelling arbitration, that court's jurisdiction continues with respect to subsequent motions to confirm or vacate." *Id.* at 403, (citing *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 706 (2d Cir.1985); *NII Metals Services, Inc. v. ICM Steel Corp.*, 514 F.Supp. 164 (N.D.Ill.1981)). Thus, this Court has the authority to confirm the arbitration award and enter judgment in spite of the fact that the Court did not specifically retain jurisdiction in the Consent Judgment which referred the matter to AAA arbitration. This Court also finds that plaintiff has made adequate service pursuant to 9 U.S.C. § 207 and 9 U.S.C. § 9.

Based upon the foregoing the American Arbitration awards are confirmed and an order and judgment shall enter in accordance with the arbitral awards in favor of the plaintiff and against defendants VLT and Bertschi. An order and judgment consistent with this Opinion will be entered.

### ATTACHMENT

United States District Court
For the Western District of Michigan

The Allen Group, Inc., Testproducts Division, a Delaware corporation and Allen Group International, Inc., a Delaware corporation, Plaintiffs,

v.

Allen Deutschland GMBH, VLT/Werkstatt Technik AG, Allen Test, Ges.m.b.H., and Erwin Bertschi, individually and as officer director and/or shareholder of Allen Deutschland GMBH, VLT/Werkstatt Technik AG, and Allen Test, Ges.m.b.H and jointly and severally as to all Defendants, Defendants.

File No.: 4:93 CV 02

ALFRED J. GEMRICH
SCOTT GRAHAM

---

4. Cf. *Chatham Shipping Co. v. Fertex Steamship Corp.*, 352 F.2d 291, 295 (2d Cir.1965). Although an order directing arbitration is interlocutory when made in the course of continuing litigation, it is considered a final decision when handed down in an independent proceeding under section 4 of the Arbitration Act, 9 U.S.C. § 4.

LAURIE L. SCHMIDT
Attorney for Plaintiffs
GEMRICH, MOSER, BOWSER, FETTE &
LOHRMANN
222 South Westnedge Avenue
Kalamazoo, MI 49007
(616) 382–1030
CURTIS HALL
Attorney for Defendants
MILLER, CANFIELD, PADDOCK AND
STONE
444 West Michigan Avenue
Kalamazoo, MI 49007
(616) 381–7030

### CONSENT JUDGMENT

At a session of said County, held in the County of Kent, City of Grand Rapids, State of Michigan, on June 23, 1993.

PRESENT: HONORABLE GORDON J. QUIST,

United States District Judge

This order having been stipulated to by and between the parties by their respective counsel of record and entered by consent as evidenced by the signatures of their respective counsel below and it appearing to and the Court having found that:

A. This Court has jurisdiction pursuant to 9 U.S.C. §§ 201, 203 and 205 and 28 U.S.C. § 1332;

B. The Allen Group, Inc. Testproducts Division (herein sometimes Allen Group), a Delaware Corporation, and Allen Deutschland GmbH (herein sometimes Allen Deutschland), a German corporation, are parties to a certain Distribution Agreement dated September 1, 1991 (herein sometimes the German Distribution Agreement);

C. The Allen Group, Inc. Testproducts Division, a Delaware corporation and VLT/Werkstatt Technik AG (herein sometimes VLT), a Swiss corporation, are parties to a certain Distribution Agreement dated March 25, 1985 (herein sometimes Swiss Distribution Agreement);

D. The Allen Group, Inc. Testproducts Division, a Delaware corporation and Allen Test Ges.m.b.H (herein sometimes Allen Austria), an Austrian corporation, are parties to a certain Distribution Agreement dated September 20, 1989 (herein sometimes Austrian Distribution Agreement);

E. Erwin Bertschi (herein sometimes Bertschi), a Swiss national, and Allen Group International, Inc. (herein sometimes Allen International), a Delaware corporation, are not a party to any of the Distribution Agreements.

*It is Ordered that:*

1. The Allen Group, Inc., Testproducts Division and Allen Deutschland GmbH, pursuant to the terms of the German Distribution Agreement dated September 1, 1991, shall present all claims raised in this action to arbitration currently pending before the Zurich Chamber of Commerce in Zurich, Switzerland, and proceed with that arbitration pursuant to the International Arbitration Rules of the Zurich Chamber of Commerce and any submission filed therein. Nothing herein shall be deemed to preclude the presentation in the same arbitration proceeding of any other claim which is subject to arbitration under the German Distribution Agreement of September 1, 1991, any submission which may be filed therein, or the rules of such arbitration tribunal.

2. The Allen Group, Inc., Testproducts Division and VLT/Werkstatt Technik AG, pursuant to the terms of the Swiss Distribution Agreement dated March 25, 1985, shall present any claims raised in this action to arbitration before the American Arbitration Association ("AAA") and proceed with arbitration in accordance with the AAA's commercial arbitration rules and any submission filed therein. Nothing herein shall be deemed to preclude the presentation in the same arbitration proceeding of any other claim which is subject to arbitration under the Swiss Distribution Agreement of March 25, 1985, any submission which may be filed therein, or the rules of such arbitration tribunal.

3. The Allen Group, Inc., Testproducts Division and Allen Test Ges.m.b.H, pursuant to the terms of the Austrian Distribution Agreement dated September 20, 1989, shall present any claims raised in this action to arbitration before the Zurich Chamber of Commerce in Zurich, Switzerland, and proceed with arbitration pursuant to the International Arbitration Rules of the Zurich Chamber of Commerce and any submission filed therein. Nothing herein shall be deemed to preclude the presentation in the same arbitration proceeding of any other claim which is subject to arbitration under the Austrian Distribution Agreement of September 20, 1989, any submission which may be filed therein, or the rules of such arbitration tribunal.

4. The Allen Group, Inc. may present the claims that it has raised in this action against Bertschi in an arbitration between The Allen Group and Allen Deutschland GmbH in Zurich, Switzerland, in an arbitration between The Allen Group and Allen Test Ges.m.b.H. in Zurich, Switzerland, and in an arbitration between The Allen Group and VLT/Werkstatt Technik AG before the American Arbitration Association at a location where personal jurisdiction may be obtained over VLT/Werkstatt Technik and Bertschi.

5. Nothing contained in this consent judgment shall be deemed to be an acknowledgement by Bertschi or any other defendant in this action that The Allen Group, Inc. possesses a lawful cause of action against them for any alleged act or omission performed in connection with the three distribution agreements referred to in paragraphs B, C, and D herein. Bertschi reserves the right to assert as a defense in each of the three aforementioned arbitrations that he cannot be properly joined as a party, and Bertschi further reserves the right to assert as a defense in any arbitration between The Allen Group, Inc. and VLT/Werkstatt Technik A.G. filed in the State of Michigan that the arbitration panel does not have personal jurisdiction over him.

6. The claims raised by Allen International in this action are, upon consent of the parties, hereby dismissed without prejudice.

7. The Motion of Plaintiffs, The Allen Group and Allen International to Remand is DENIED AS MOOT.

8. The Motion of Defendant VLT/Werkstatt Technik AG to Dismiss for Lack of Personal Jurisdiction is DENIED AS MOOT.

9. This Order is entered without costs to any party, each party to bear its own costs.

Dated:

/s/ Gordon J. Quist
Honorable Gordon J. Quist

Approved as to Form and Content,

Consent to Entry and Notice of Entry Waived:

GEMRICH, MOSER, BOWSER, FETTE & LOHRMANN

By: /s/ Alfred J. Gemrich
Alfred J. Gemrich (P13913)
Attorneys for Plaintiff, The
Allen Group, Inc., Testproducts
Division and Allen Group
International, Inc.

MILLER, CANFIELD, PADDOCK AND STONE

By: /s/ Curtis Hall
Curtis Hall (P42622)
Attorneys for Defendants
Allen Deutschland GmbH,
VLT/Werkstatt Technik
AG, Allen Test Ges.m.b.H.
and Erwin Bertschi

## ORDER CONFIRMING ARBITRATION AWARD IN FAVOR OF THE ALLEN GROUP, INC., AGAINST VLT WERKSTATT TECHNIK AG AND DIRECTING ENTRY AND ENFORCEMENT OF JUDGMENT THEREON

At a session of said Court held in the County of Kent, City of Grand Rapids and State of Michigan on December 2, 1994.

PRESENT: HONORABLE GORDON J. QUIST

United States District Judge

This matter having come on to be heard on the motion of The Allen Group, Inc. (Allen), for an order confirming the Arbitral Award, dated May 2, 1994, of the arbitrators in the arbitration between *The Allen Group, Inc., Testproducts Division, as Claimant, and VLT Werkstatt–Technik AG and Erwin Bertschi, as Respondents*, American Arbitration Association Case No. 54–T181 0157 93 in favor of Allen and against VLT (Award), which is made a part thereof by reference, and Alfred J. Gemrich appearing as counsel for Allen, and the Court having considered the written agreement to arbitrate between the parties dated March 25, 1985 and the Court's Order to Arbitrate dated June 23, 1993 and on file in this action, the authenticated award dated May 2, 1994, and the affidavit(s) submitted in support of Allen's motion and having heard argument of counsel, and it appearing that the award falls within the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, and the Court having found no ground for refusal or deferral of recognition or enforcement of the award.

***IT IS ORDERED*** that the arbitral award, dated May 2, 1994, of the arbitrators in the arbitration between *The Allen Group, Inc., Testproducts Division, as Claimant, and VLT Werkstatt–Technik AG and Erwin Bertschi, as Respondents*, American Arbitration Association Case No. 54–T181 0157 93 in favor of Allen and against VLT (Award) be, and hereby is, confirmed in all respects, and that Judgment be entered in conformity therewith and that the Judgment be enforced.

Dated: December 2, 1994.

/s/ Gordon J. Quist
Federal District Judge

**ORDER CONFIRMING ARBITRATION AWARD IN FAVOR OF THE ALLEN GROUP, INC., AGAINST ERWIN BERTSCHI AND DIRECTING ENTRY AND ENFORCEMENT OF JUDGMENT THEREON**

This matter having come on to be heard on the motion of The Allen Group, Inc. (Allen), for an order confirming the Arbitral Award, dated May 2, 1994, of the arbitrators in the arbitration between *The Allen Group, Inc., Testproducts Division, as Claimant, and VLT Werkstatt–Technik AG and Erwin Bertschi, as Respondents*, American Arbitration Association Case No. 54–T181 0157 93 in favor of Allen and against Bertschi (Award) which is made a part hereof by reference, and Alfred J. Gemrich appearing as counsel for Allen, and the Court having considered the written agreement to arbitrate between the parties dated March 25, 1985 and the Court's Order to Arbitrate dated June 23, 1993 and on file in this action, the authenticated award dated May 2, 1994, and the affidavit(s) submitted in support of Allen's Motion, and the Court having heard argument of counsel, and it appearing that the award falls within the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, and the Court having found no ground for refusal or deferral of recognition or enforcement of the award.

***IT IS ORDERED*** that the arbitral award, dated May 2, 1994, of the arbitrators in the arbitration between *The Allen Group, Inc., Testproducts Division, as Claimant, and VLT Werkstatt–Technik AG and Erwin Bertschi, as Respondents*, American Arbitration Association Case No. 54–T181 0157 93 in favor of Allen and against Bertschi (Award) be, and hereby is, confirmed in all respects, and that Judgment be entered in conformity therewith and that the Judgment be enforced.

Dated: December 2, 1994.

/s/ Gordon J. Quist
United States District Judge

**JUDGMENT ENFORCING ARBITRAL AWARD IN FAVOR OF THE ALLEN GROUP, INC., AGAINST ERWIN BERTSCHI**

The motion of The Allen Group, Inc. (Allen) for an order confirming the arbitral award, dated May 2, 1994, of the arbitrators

in the arbitration between *The Allen Group, Inc., Testproducts Division, as Claimant, and VLT Werkstatt–Technik AG and Erwin Bertschi, as Respondents,* American Arbitration Association Case No. 54–T181 0157 93 (Award), which is made a part hereof by reference and directing that Judgment be entered thereon and that the Judgment be enforced, having come on to be heard and after due deliberation thereon, and it appearing to the satisfaction of this Court that the Award and Judgment should be enforced, and the Court having entered its order confirming the Award and directing for entry of Judgment on the Award and conformity therewith that the Judgment be enforced,

1. *IT IS ORDERED* that Erwin Bertschi (Bertschi) shall pay to Allen the sum of $1,963,187.58, in United States currency (US) comprised of the following amounts:

1.1 the sum of $173,665.58, US for goods sold and delivered as set forth in paragraph 1 of the Award.

1.2 the sum of $1,395,249.00, US for tort damages as set forth in paragraph 2 of the Award.

1.3 the sum of $394,272.99, US for tort damages and shipments to VLT–Werkstatt AG (VLT), VLT's co-conspirators as set forth in paragraph 3 of the Award.

2. *IT IS FURTHER ORDERED* that Bertschi shall pay interest on the above amounts as follows:

2.1 Interest at rate of one percent (1%) per month on the sum of $173,665.59, US from and after the date of invoicing which was February 17, 1992 for the initial shipment to the date of the Award which was May 2, 1994 for a total interest charge of $52,108.36 US to May 2, 1994.

2.2 Interest at the Michigan statutory rate as provided for post judgment interest on the sum of $173,665.59, US from and after the date of the award which was May 2, 1994 to date of payment.

2.3 Interest at the Michigan statutory rate as provided for post judgment interest on the sum of $1,395,249.00, US from and after the date of the award which was May 2, 1994 to date of payment.

2.4 Interest at the Michigan statutory rate as provided for post judgment interest on the sum of $394,272.99, US from and after the date of the award which was May 2, 1994 to date of payment.

3. *IT IS FURTHER ORDERED* that Bertschi shall pay costs of this proceeding to be taxed by the Clerk.

4. *IT IS FURTHER ORDERED AND DECLARED* as follows:

Bertschi having failed to support any defense, claim or counterclaim asserted by him such defense, claim, or counterclaim is dismissed with prejudice.

5. *IT IS FURTHER ORDERED* that Bertschi and all persons acting in concert with Bertschi shall be permanently enjoined from:

5.1 Misappropriating Allen's product design, and

5.2. Disparaging Allen products and unfairly competing with Allen.

6. *IT IS FURTHER ORDERED* that Bertschi and all persons acting in concert with Bertschi shall cease and desist from:

6.1 The production, distribution, sale and service of any RPM circuit boards which are copies of Allen's technology and design used in Allen's units.

6.2 The further disparagement of Allen products or the further wrongful solicitation of Allen's products, and

6.3 Mislabeling and misrepresentation of Allen products.

7. *IT IS FURTHER ORDERED* that Bertschi shall conform to the following affirmative relief:

7.1 Immediately recall Bertschi RPM circuit boards which are copies of those used in Allen's units, and

7.2 Immediately make curative public disclosure to all of Allen's customers that the design used in Bertschi's products is that of Allen.

Dated: December 2, 1994.

/s/ Gordon J. Quist
United States District Judge

## JUDGMENT ENFORCING ARBITRAL AWARD IN FAVOR OF THE ALLEN GROUP, INC., AGAINST VLT WERKSTATT–TECHNIK AG

The motion of The Allen Group, Inc. (Allen) for an order confirming the arbitral award, dated May 2, 1994, of the arbitrators in the arbitration between *The Allen Group, Inc., Testproducts Division, as Claimant, and VLT Werkstatt–Technik AG and Erwin Bertschi, as Respondents,* American Arbitration Association Case No. 54–T181 0157 93 (Award), and directing that Judgment be entered thereon and that the Judgment be enforced, having come on to be heard and after due deliberation thereon, and it appearing to the satisfaction of this Court that the Award and Judgment should be enforced, and the Court having entered its Order Confirming the Award and directing entry of Judgment on the Award in conformity therewith that the Judgment be enforced.

1. ***IT IS ORDERED*** that VLT Werkstatt–Technik AG (VLT) shall pay to The Allen Group, Inc. (Allen) the sum of $1,817,862.59, in United States currency (US) as follows:

   1.1 the sum of $173,665.58, US for goods sold and delivered as set forth in paragraph 1 of the Award.

   1.2 the sum of $1,400,000.00, US for tort damages as set forth in paragraph 2 of the Award.

   1.3 the sum of $345,249.00, US for tort damages and shipments to VLT's co-conspirators as set forth in paragraph 3 of the Award.

   1.4 the sum of $258,948.00, US for costs and attorney fees as set forth in paragraph 4 of the Award.

2. ***IT IS FURTHER ORDERED*** VLT shall pay interest on the above amounts as follows:

   2.1 Interest at rate of one percent (1%) per month on the sum of $173,665.59, US from and after the date of invoicing which was February 17, 1992 for the initial shipment to the date of the Award which was May 2, 1994 for a total interest charge of $52,108.36 US to May 2, 1994.

   2.2 Interest at the Michigan statutory rate as provided for post judgment interest on the sum of $173,665.59, US from and after the date of the award which was May 2, 1994 to date of payment.

   2.3 Interest at the Michigan statutory rate as provided for post judgment interest on the sum of $1,400,000.00, US from and after the date of the award which was May 2, 1994 to date of payment.

   2.4 Interest at the Michigan statutory rate as provided for post judgment interest on the sum of $345,249.00, US from and after the date of the award which was May 2, 1994 to date of payment.

   2.5 Interest at the Michigan statutory rate as provided for post judgment interest on the sum of $258,948.00, US from and after the date of the award which was May 2, 1994 to date of payment.

3. ***IT IS FURTHER ORDERED*** that VLT shall pay costs of this proceeding to be taxed by the Clerk.

4. ***IT IS FURTHER ORDERED AND DECLARED*** as follows:

   4.1 The Distribution Agreement between Allen and VLT was duly terminated on April 14, 1993, including all [of] VLT's use of Allen's name, trade names and/or trademarks.

   4.2 Allen is not now nor has it been under any further obligation since April 14, 1993 to VLT in any manner or in anything whatsoever or to any persons to whom VLT may have supplied Allen's products.

   4.3 VLT having failed to support any defense, claim or counterclaim asserted by it such defenses, claims, or counterclaims are hereby dismissed with prejudice.

5. ***IT IS FURTHER ORDERED*** that VLT and those persons acting in concert with VLT shall be permanently restrained and enjoined from the following:

   5.1 Misappropriating Allen's product design, and

   5.2 Disparaging Allen products and unfairly competing with Allen.

6. ***IT IS FURTHER ORDERED*** that VLT and all persons acting in concert with VLT shall cease and desist from:

6.1 The production, distribution, sale and service of any RPM circuit boards which are copies of Allen's technology and design used in Allen's units.

6.2 The further disparagement of Allen products or the further wrongful solicitation of Allen's products, and

6.3 Mislabeling and misrepresentation of Allen products.

7. *IT IS FURTHER ORDERED* that VLT shall to conform to the following affirmative relief:

7.1 Immediately recall VLT RPM circuit boards which are copies of those used in Allen's units, and

7.2 Immediately make curative public disclosure to all of Allen's customers that the design used in VLT's products is that of Allen.

Dated: December 2, 1994.

/s/ Gordon J. Quist
United States District Judge