**Rodney Allen TUCKER, Petitioner,**

v.

**FIREMAN'S FUND AGRIBUSINESS, INC., Respondent.**

**No. CIV.A. G–05–028.**

United States District Court, S.D. Texas, Galveston Division.

March 22, 2005.

Johnnie Marvin Green, Attorney at Law, Bay City, TX, for Petitioner.

Janet LaRene Wells Rushing, League City, TX, for Respondent.

### ORDER GRANTING DEFENDANT FIREMAN'S FUND AGRIBUSINESS, INC.'S 12(B)(6) MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

This case arises out of a dispute over a crop insurance policy held by Rodney Allen Tucker ("Petitioner"). Now before the Court is Respondent Fireman's Fund Agribusiness, Inc.'s 12(B)(6) Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment. For the following reasons, Respondent's Motion is **GRANTED**.

## I. Background

On October 11, 2001, Fireman's Fund Agribusiness, Inc. ("Respondent") denied Petitioner's claim under his Common Crop Insurance Policy # 102281. Respondent stated that Petitioner failed to provide his agent with a timely acreage report as required by the policy. Petitioner claims that he did file a timely report. The policy mandates that all factual disputes be resolved through arbitration. It also states that any legal action by the insured must be initiated within 12 months of the denial of the claim. The Risk Management

Agency of the Department of Agriculture issued Final Agency Determination 013 ("FAD 013") on April 23, 2002, finding that the term "legal action" encompassed both lawsuits and arbitration.

On April 20, 2004, Petitioner submitted the dispute to the American Arbitration Association. Respondent filed a Motion for Summary Judgment, claiming that Petitioner had exceeded the 12–month time limit stated in the policy. The arbitrator, who accepted the FAD 013 analysis, agreed with Respondent and issued a Final Award dismissing Petitioner's claims. (Resp't's Mot. to Dismiss, Ex. 1–2.)

On January 11, 2005, Petitioner filed this action to compel arbitration, claiming that because the arbitrator dismissed the claim based on a time limits defense, arbitration never actually occurred. Petitioner also claims that the arbitrator did not have the power to decide whether Petitioner had filed a timely claim. Respondent now moves to dismiss or for summary judgment.

## II. Summary Judgment Standard

Respondent has moved to dismiss for failure to state a claim, or, in the alternative, for summary judgment. Since the Court intends to consider evidence in the record outside the pleadings, the Court will consider this as a Motion for Summary Judgment. *See* Fed.R.Civ.P. 12(b).

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When one party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "The mere

existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. at 2512. "[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.* at 257, 106 S.Ct. at 2514; *see also Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998). Once the moving party has shown that there are no issues of material fact, the nonmoving party must "go beyond the pleadings" to show that a genuine issue exists. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). "We do not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2510.

Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

## III. Analysis

9 U.S.C. § 4 only creates a cause of action when a party is "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement." An arbitrator issued a Final Award in this case. While Petitioner would have the Court believe that Respondent's Motion for Summary Judgment at arbitration constituted a constructive refusal to arbitrate, Respon-

dent's action merely constituted a legal exercise of its right to present procedural defenses. Petitioner offers no legal support for his contention that Respondent's actions constitute a failure or refusal to arbitrate. Petitioner submitted the claim to arbitration, he was represented by counsel during the process, and the arbitrator issued a Final Award. There is no genuine issue of material fact as to whether the Parties arbitrated this dispute, and Petitioner's action to compel arbitration under 9 U.S.C. § 4 fails as a matter of law.

■ Petitioner has not asked the Court to vacate the arbitrator's award, but his arguments about the arbitrator's application of FAD 013 appear to concern the validity of the award rather than the existence of the arbitration. The Court finds that the arbitrator acted within her powers in deciding that the contractual time limit barred Petitioner's claims. The Supreme Court has held that the arbitrator, not the court, should decide procedural questions. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84, 123 S.Ct. 588, 592, 154 L.Ed.2d 491 (2002). This holding specifically includes time limits within the realm of procedural questions.[1] *See id.* at 85, 123 S.Ct. at 592. Generally, therefore, the arbitrator, not the court, should decide whether a claim has been timely submitted for arbitration.

■ Petitioner also contends that the arbitrator should not have relied on FAD 013 because it contradicts well-established precedent. However, the cases cited by Petitioner concern waiver of arbitration in

the absence of a contractual timeliness provision. *See, e.g., Nat'l Iranian Oil Co. v. Mapco Int'l, Inc.*, 983 F.2d 485 (3rd Cir.1992); *Carcich v. Rederi A/B Nordie*, 389 F.2d 692 (2nd Cir.1968). A claim submitted to arbitration after a contractual time limit has expired can be barred by the arbitrator. *See, e.g., Reynolds Jamaica Mines, Ltd. v. La Societe Navale Caennaise*, 239 F.2d 689, 694 (4th Cir.1956). Therefore, the Risk Management Agency's interpretation of the standard crop insurance policy language falls well within established law, and the arbitrator acted within her powers in deciding that Petitioner's claim was time-barred.

■ Finally, Petitioner has not demonstrated to the Court any reason why the Court should decline to follow well-established precedent and allow him to arbitrate his claim yet again. Petitioner waited two-and-a-half years to submit his claim for arbitration. He has offered no reason at all for such an extensive delay. Because these insurance policies are underwritten by the federal government, they are extensively regulated, and the insured must comply with all regulations to receive payments under the policy. Petitioner did not comply with all the requirements of the policy.

■ There is a strong public policy in favor of arbitration, and courts may not vacate an arbitration award except in extraordinary circumstances. *See* 9 U.S.C. § 10(a). As this Court found in *Duke v. Crop Growers Ins., Inc.*, 70 F.Supp.2d 711, 716 (S.D.Tex.1999), when a plaintiff initiates arbitration, it is reasonable to bind

---

1. This holding also overrules the precedent upon which Petitioner relies, *PaineWebber, Inc. v. Hartmann*, 921 F.2d 507 (3rd Cir. 1990). Even without *Howsam*, the applicability of *PaineWebber* to this case is in doubt, since it depended on the specific language of the contract in that case to reach a decision contrary to prevailing case law. *See Paine-* *Webber*, 921 F.2d at 512–513; *Durham County v. Richards & Assocs., Inc.*, 742 F.2d 811, 815 (4th Cir.1984); *Belke v. Merrill Lynch, Pierce, Fenner, & Smith*, 693 F.2d 1023, 1028 (11th Cir.1982); *O'Neel v. Nat'l Ass'n of Sec. Dealers, Inc.*, 667 F.2d 804, 807 (9th Cir. 1982); *Conticommodity Servs., Inc. v. Philipp & Lion*, 613 F.2d 1222, 1225 (2nd Cir.1980).

the plaintiff to the terms of the arbitrator's award. Since Petitioner, the Party who initiated the arbitration, does not allege that the arbitrator engaged in any of the behavior prohibited by 9 U.S.C. § 10(a), the Court finds no reason to vacate the arbitrator's award.

## IV. Conclusion

For the above-stated reasons, Respondent's 12(B)(6) Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment is hereby **GRANTED**. Petitioner's claims are **DISMISSED WITH PREJUDICE**. Pursuant to Fed.R.Civ.P. 54(d), costs are taxed against Petitioner. Each Party is to bear its own attorneys' fees and nontaxable expenses. A Final Judgment will be issued contemporaneously with this Order.

**IT IS SO ORDERED.**