**PAINEWEBBER INCORPORATED,**
Plaintiff,

v.

**Billie H. ALLEN, et al., Defendants.**

**Civ. A. No. 3:92CV591.**

United States District Court,
E.D. Virginia,
Richmond Division.

April 29, 1993.

James Edward Farnham, Lonnie Dayton Nunley, III, Hunton & Williams, Richmond, VA, for plaintiff.

Stephen Winston Bricker, Richmond, VA, Wayne G. Johnson, Gifford, Lay & Johnson, Harold J. Bender, Erie, PA, for defendants.

### MEMORANDUM OPINION

SPENCER, District Judge.

THIS MATTER is before the Court on cross motions for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons stated herein, Plaintiff's Motion for Summary Judgment is hereby GRANTED and Defendants' Motion for Summary Judgment is DENIED.

**I.**

Plaintiff in this matter is PaineWebber Incorporated ("PaineWebber"), a seller of partnership interests in PaineWebber Equity Partners I Limited Partnership ("EP–I"), a Virginia limited partnership. The defendants ("Claimants") are purchasers of partnership interests in EP–I.

On July 17, 1992, Defendants filed a Statement of Claim with the National Association of Securities Dealers, Inc. ("NASD") against

PaineWebber. This single consolidated claim involves the Claimants' purchase of interests in EP–I. Upon filing the claim, Defendants completed a Uniform Submission Agreement to initiate arbitration of the dispute. However, by stipulation before NASD the parties agreed to stay the NASD arbitration proceedings during the pendency of this action.

On September 10, 1992, PaineWebber filed the instant case seeking a permanent stay of arbitration and a declaratory judgment holding that the claims asserted in Defendants' demand for arbitration are no longer eligible for arbitration. In support of its request for relief, PaineWebber alleges that defendants violated NASD Code § 15 by submitting their demand for arbitration more than six years after the last occurrence or event which could give rise to a dispute eligible for submission to arbitration. NASD Code § 15 provides in part: No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy.

In the cross motions for summary judgment, PaineWebber seeks a ruling, as a matter of law, that Defendants' claims are not eligible for arbitration. On the other hand, Defendants request this Court to refer this case back to NASD for arbitration of the claims set forth in the original and amended Statements of Claim.

## II.

The purpose of summary judgment is to facilitate the "prompt disposition of controversies on their merits without a[n] [unnecessary] trial, if in essence there is no real dispute as to the salient facts." *Bland v. Norfolk & South. RR Co.,* 406 F.2d 863, 866 (4th Cir.1969). "Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *E.E.O.C. v. Clay Printing Co.,* 955 F.2d 936, 944 (4th Cir.1992) (citing Fed.R.Civ.P. 56(c)); *Ballinger v. North Carolina Agric. Extension Serv.,* 815 F.2d 1001, 1004 (4th Cir.1987), *cert. denied,* 484 U.S. 897, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987). A genuine issue of ma-

terial fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The movant bears the burden of offering proof of the absence of any genuine issues of material fact, *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), and the Court must view the facts and the inferences drawn therefrom in the light most favorable to the nonmoving party. *Ballinger,* 815 F.2d at 1004. Once the movant has met his/her burden, and a properly supported motion is before the Court, the opposing party may not rest upon mere allegations or denials contained in his/her pleadings, *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510, but rather he/she must "set forth specific facts that show there is a genuine issue for trial." *Allstate Financial Corp. v. Financorp., Inc.,* 934 F.2d 55, 58 (4th Cir.1991).

## III.

In a Memorandum Opinion dated, November 12, 1992, this Court held that the issue of arbitrability, created by NASD Code § 15, is an issue to be decided by the Court, rather than the arbitrators. Every Circuit Court of Appeals which has addressed the issue has reached the same conclusion. Recent decisions of the Third, Sixth and Seventh Circuits, all conclude that NASD Code § 15 presents a substantive issue to be determined by the court rather than a procedural issue to be decided by the arbitrators. *See PaineWebber Incorporated v. Hofmann,* 984 F.2d 1372 (3rd Cir.1993); *Edward D. Jones & Co. v. Sorrells,* 957 F.2d 509 (7th Cir.1992); *Roney & Co. v. Kassab,* 981 F.2d 894 (6th Cir.1992); and *PaineWebber Incorporated v. Hartmann,* 921 F.2d 507 (3rd Cir.1990). Therefore, this Court possesses the requisite jurisdiction to determine whether Defendants' claims are eligible for arbitration pursuant to NASD Code § 15.

Claimants assert 11 separate theories of recovery in ¶¶ 6–16 of their Amended Statement of Claim, as supplemented by their Second Amended Statement of Claim. Stip. Exs. 39 and 40. With the exception of ¶ 15 of the Amended Statement of Claim, all of the

other claims are based upon allegations relating to acts, omissions, or misrepresentations that occurred prior to sale of the limited partnership interests. Paragraph 15 alleges "mail and securities fraud" violations that allegedly constitute predicate offenses under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* Accordingly, the Court will address the issue of arbitrability in two parts: pre-sale claims and RICO claims.

### A. *Pre-sale Claims*

■ The primary issue raised by both parties is what constitutes the "occurrence or event," as set forth in NASD Code § 15, that gives rise to each of the Defendants' claims. It is the finding of the Court that the weight of authority supports PaineWebber's contention that the meaning of "occurrence or event", which triggers the six year eligibility provision for pre-sale claims, is the date Claimants' respective interests in the limited partnership were purchased. *See, e.g., PaineWebber Inc. v. Hofmann,* 984 F.2d 1372 (3rd Cir.1993) (purchases that occurred more than six years before the arbitration demand are outside the six-year period provided by § 15 of the NASD Code); *Roney & Co. v. Kassab,* 981 F.2d 894 (6th Cir.1992) (courts must enjoin the arbitration of claims where the alleged wrongdoing occurred more than six years prior to the filing of the claims); *PaineWebber, Inc. v. Hartmann,* 921 F.2d 507 (3rd Cir.1990) (the six-year eligibility period bars all claims from arbitration where claimants last transactions with the brokerage house occurred more than six years before the filing of the arbitration); *Castellano v. Prudential–Bache Securities, Inc.,* No. 90 Civ. 1287, 1990 WL 87575 (S.D.N.Y. June 19, 1990) (court should affirm NYSE holding that the "occurrence or event giving rise to the dispute" is the purchase date of the investment and not the date when the purchaser discovered "problems" with the investment).

Having established the date of purchase as the event which triggers the six year eligibility provision for the pre-sale claims, the Court must determine whether more than six years elapsed between the date Claimants' interests were purchased in EP–I and the filing of the Statement of Claim on July 17, 1992. The evidence indicates that as to all Defendants, the claims filed with the NASD were submitted more than six years subsequent to the dates their respective interests in EP–I were purchased. The Court thus finds, that none of Defendants' pre-sale claims are eligible for arbitration, as Claimants violated NASD Code § 15.

■ The Court further finds that NASD Code § 15 is not a statute of limitations which can be tolled by the principles of equitable estoppel. Claimants argue, for various reasons, that the principles of equitable estoppel should apply to toll the running of the six year eligibility provision. However, as a matter of law, tolling does not apply to NASD Code § 15. *See Caviness v. DeRand Resources Corp.,* 983 F.2d 1295 (4th Cir.1993) (three year statute of repose is not subject to tolling); *Edward D. Jones & Co. v. Sorrells,* 957 F.2d 509 (7th Cir.1992) (section 15 is an eligibility requirement, not a statute of limitations, and thus cannot be tolled).

### B. *RICO Claims*

■ On December 31, 1992, Claimants filed their Second Amended Statement of Claim, attempting to expand the list of possible occurrences or events giving rise to the alleged RICO violations. Defendants attempt to create occurrences or events after July 17, 1986, by incorporating into this case, alleged occurrences or events relating to other limited partnerships offered for sale by PaineWebber on dates subsequent to the EP–I offering. There is no evidence that any of the Claimants were investors in any PaineWebber limited partnerships offered subsequent to EP–I.

It is the finding of the Court that such attempt at "integration of claims" is not permissible. *See Caviness v. DeRand Resources Corp.,* 983 F.2d 1295 (4th Cir.1993). Claimants cannot circumvent the eligibility provision by linking occurrences or events, unrelated to Defendants, under the guise of establishing a RICO claim. The alleged predicate acts must be within the same conspiracy.

Thus, Claimants' RICO claims are likewise not eligible for arbitration. The claims were filed more than six years subsequent to the date the limited partnership interests were purchased.

## IV.

Whereas the Court finds that there are no genuine issues of material fact, and as a matter of law, Plaintiff is entitled to Summary Judgment, the Court will GRANT Plaintiff's Motion for Summary Judgment and DENY Defendants' cross Motion for Summary Judgment.