Marian T. CONROY, Petitioner,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, James W. Utt, and George T. Baskerville, Respondents.

No. 3:94cv42–MU.

United States District Court, W.D. North Carolina, Charlotte Division.

July 10, 1995.

James F. Wyatt, III, Charlotte, NC, Thomas R. Grady, Michael W. Pettit, Christopher T. Vernon, Grady & Associates, L.P.A., Naples, FL, for Marian T. Conroy.

Peter J. Covington, Smith, Helms, Mulliss & Moore, Charlotte, NC, Paul W. Stivers, Laura H. Robison, Dan F. Laney, III, Rogers & Hardin, Atlanta, GA, for Merrill Lynch, Pierce, Fenner & Smith, Inc., James W. Utt, George T. Baskerville.

## JUDGMENT

MULLEN, District Judge.

THIS MATTER is before the Court upon its own motion.

Based upon this Court's July 6, 1995 Order, filed contemporaneous herewith, it is hereby adjudged that:

(1) Plaintiff's Petition to Compel Arbitration before the AAA is DENIED;

(2) Defendant's Motion to enjoin Plaintiff from pursuing claims before the AAA is GRANTED;

(3) Plaintiff's Petition to Compel Arbitration before the NASD in the Western District of North Carolina is GRANTED preserving, however, the right of the arbitrator to find Plaintiff's claims ineligible for arbitration pursuant to Section 15 of the NASD Code of Arbitration;

(4) Plaintiff's Petition for leave to file an amended complaint to assert claims found ineligible for arbitration is DENIED;

(5) Defendant's Motion to enjoin Plaintiff from pursuing claims raised as to securities purchased six years or more before the initiation of the NASD arbitration is DENIED;

(6) Defendant's Petition for a declaratory judgment that any claims raised by Conroy as to securities purchased six years or more before the initiation of the NASD arbitration are ineligible under the NASD Code and should be dismissed is DENIED; and

(7) Defendant's Motion to enjoin Plaintiff from pursuing claims in litigation that are found ineligible for arbitration is DENIED.

## ORDER

THIS MATTER is before the Court upon cross motions for summary judgment filed by the Respondent Merrill Lynch, Pierce, Fenner & Smith Incorporated, et al. ("Merrill Lynch") and Petitioner Marian T. Conroy ("Conroy").

### FACTS

Merrill Lynch has managed the financial assets of Conroy and her late husband since his retirement in the early 1980s. James W. Utt and George T. Baskerville were brokers with Merrill Lynch responsible for the Conroy accounts. Conroy executed several customer agreements in connection with her Merrill Lynch accounts. These customer agreements required Conroy to select one of several arbitration fora in which to arbitrate her claims. The most recent of these Arbitration Agreements provided:

> The undersigned agrees that all controversies which may arise between us, including but not limited to those involving any transaction or the construction, performance, or breach of this or any other agreement between us, whether entered into prior, on, or subsequent to the date hereof, shall be determined by arbitration. Any arbitration under this agreement shall be conducted only before the New York Stock Exchange, Inc., the American Stock Exchange, Inc., or arbitration facility provided by any other exchange of which you are a member, the National Association of Securities Dealers, Inc., or the Municipal Securities Rulemaking Board, and in accordance with its arbitration rules then in force.

Conroy executed a National Association of Securities Dealers, Inc. ("NASD") Uniform Submission Agreement on February 1, 1994, and sent it along with a Statement of Claim dated February 4, 1994, to the NASD offices in New York. On February 4, 1994, Conroy filed a Statement of Claim and Demand for Arbitration with the American Arbitration Association ("AAA") alleging mismanagement, fraud, and breach of duty in connection with her Merrill Lynch account and seeking monetary damages.

Conroy filed her Petition to Compel Arbitration Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq. on February 9, 1994. Conroy seeks an Order compelling Merrill Lynch to arbitrate before the AAA in the Western District of North Carolina. In her Petition to Compel, Conroy refers to Section 2 of Article VIII of the American Stock Exchange ("AMEX") Constitution. She seeks to invoke the so-called "AMEX Window" provision, which provides in its relevant part that:

> if any of the parties to a controversy is a customer, the customer may elect to arbitrate before the American Arbitration Association in the City of New York, unless the customer has expressly agreed, in writing, to submit only to the procedure of the Exchange.

Should this order be denied, Conroy alternatively seeks an order compelling Merrill Lynch to arbitrate before the NASD in the Western District of North Carolina. Finally, Conroy asks for leave to file an amended complaint asserting any claims found ineligible for arbitration.

Merrill Lynch filed an Answer and Counterclaim on April 6, 1994, seeking a declaratory judgment that: (1) Merrill Lynch is not required to arbitrate before the AAA; (2) Conroy should dismiss her AAA arbitration proceeding; (3) any claims asserted by Conroy as to securities purchased at least six years prior to the initiation of the NASD arbitration are ineligible for such arbitration; and (4) Conroy should dismiss such claims from NASD arbitration. Furthermore, Merrill Lynch seeks to enjoin Conroy from (1) proceeding with arbitration before the AAA; and (2) pursuing any claims asserted as to investments made at least six years prior to the initiation of the NASD arbitration.

Conroy moves for summary judgment compelling Merrill Lynch to arbitrate pursuant to Section 4 of the FAA, 9 U.S.C. § 4. Merrill Lynch moves for summary judgment against Conroy's Petition, and in favor of its counterclaim declaring the NASD as the appropriate forum for arbitration, and declaring that any claims raised by Conroy as to securities purchased six years or more before the initiation of the NASD arbitration are

ineligible under the NASD Code and should be dismissed. Merrill Lynch moves for an injunction prohibiting Conroy from pursuing her claims before the AAA, and an injunction barring Conroy from pursuing claims as to securities purchased at least six years prior to the initiation of the arbitration proceeding. Merrill Lynch also moves for an injunction barring Conroy from pursuing claims found ineligible for arbitration.

## DISCUSSION

### A. Petition to Compel Before the AAA

■ Conroy moves for summary judgment compelling Merrill Lynch to arbitrate before the AAA pursuant to Section 4 of the FAA, 9 U.S.C. § 4. Merrill Lynch moves for summary judgment against Conroy on the same issue, and asks for an injunction barring Conroy from pursuing claims before the AAA. Conroy argues that her customer agreement does not provide for arbitration exclusively before the AMEX, and that the "AMEX window" affords her a right to arbitrate her dispute with Merrill Lynch before the AAA.

The Second Circuit Court of Appeals found as a matter of law that the "AMEX Window" was closed by nearly identical language in a similar Merrill Lynch customer agreement. *Merrill Lynch v. Georgiadis*, 903 F.2d 109 (2nd Cir.1990). In *Georgiadis*, the defendant, using the AMEX Window, filed a demand for arbitration in a different fora from that required in his customer agreement. *Id.* at 111. The Second Circuit, however, found that the AMEX Constitution may be "superseded" by a more specific customer agreement and that the parties had thus closed the AMEX Window. *Id.* at 113.

As with the agreements in *Georgiadis*, the agreements executed by Conroy require that disputes between the parties shall be arbitrated "only before" one of several designated arbitration fora. *See Id.* at 112. Petitioner is clearly bound by the arbitration provision of the agreements she signed. "Absent evidence that the arbitration agreement was procured through fraud or excessive economic power, [the court] must 'rigorously enforce agreements to arbitrate.'" *Id.*

The Court finds that the parties have clearly closed the AMEX Window by agreement, and Merrill Lynch's motion for summary judgment against Conroy's Petition to Compel Arbitration before the AAA is granted. Merrill Lynch's motion to enjoin Conroy from pursuing claims before the AAA is also granted.

### B. NASD Section 15

Section 15 of the NASD Code provides the following:

> No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

■ Conroy contends that Section 15 is a procedural requirement for the arbitrator to decide, while Merrill Lynch claims that it is a substantive requirement for the court to decide. Conroy asks for leave to file an amended complaint to assert any claims found ineligible for arbitration. Merrill Lynch moves for summary judgment on its counterclaim asserting that any claims made regarding securities purchased more than six years prior to the initiation of the arbitration proceeding be declared ineligible for arbitration. Merrill Lynch asks for an injunction barring Conroy's pursuit of these claims in arbitration and litigation.

### 1. Claims in Arbitration

Merrill Lynch, citing *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), argues that the State of New York's arbitration procedure applies because of a choice-of-law clause in Section 17 of the customer agreement. However, this Court disagrees with Merrill Lynch's interpretation of *Volt*, and finds that federal arbitration law applies. *See Merrill Lynch v. Shaddock*, 822 F.Supp. 125 (S.D.N.Y.1993) (finding the Supreme Court merely held that it would not overrule a state court's interpre-

tation of a choice-of-law provision in a customer agreement, not that a choice-of-law provision mandates applying state arbitration law).

Merrill Lynch also argues that the Fourth Circuit is aligned with the Third, Sixth, and Seventh Circuits holding that identical eligibility questions under Section 15 of the NASD Code and Rule 603 of the New York Stock Exchange are decided by the courts rather than an arbitrator. The Fourth Circuit, however, has held that questions regarding limitations or time bars for pursuing claims in arbitration are issues for the arbitrator, not the courts. *County of Durham v. Richards & Associates, Inc.*, 742 F.2d 811, 815 (1984).

Some jurisdictions find time bar clauses, such as Section 15 and Rule 603, to be substantive bars to arbitration and thus meant for the court's decision while other jurisdictions find these clauses to be procedural in nature and thus meant for the arbitrator's decision. *PaineWebber, Inc. v. Hartmann*, 921 F.2d 507 (3rd Cir.1990). The Fourth Circuit has never directly addressed issues regarding Section 15 or Rule 603, but other Circuits, based on *County of Durham*, have considered the Fourth Circuit aligned with jurisdictions potentially regarding Section 15 as a procedural bar. *Hartmann*, 921 F.2d 507, 512; *Roney & Co. v. Kassab*, 981 F.2d 894, 898 (6th Cir.1992). Moreover, in one of only two Fourth Circuit cases mentioning Section 15, the Court held that whether an arbitrator had dismissed a party's claim through an error of applying a New York "borrowing statute" or Section 15 did not matter, because it was not an issue sufficient for judicial review. *Miller v. Prudential Bache Securities, Inc.*, 884 F.2d 128 (4th Cir.1989) (footnoted in *FSC Securities Corp. v. Freel*, 14 F.3d 1310 (8th Cir.1994) as evidence of the Fourth Circuit's recognition of Section 15 as a procedural bar).

Merrill Lynch argues that this Court should follow two District Court opinions from the Fourth Circuit. *Cigna Securities, Inc. v. Calby*, No. 3:92CV345–P (W.D.N.C. June 8, 1993) and *PaineWebber, Inc. v. Allen*, 888 F.Supp. 53 (E.D.Va.1993). Both opinions adopt rationales from the Third, Sixth, and Seventh Circuits holding that eligibility questions under Section 15 of the NASD Code are decided by the courts rather than an arbitrator.

In fact, in *PaineWebber*, the district court in the Eastern District of Virginia cited decisions in the Third, Sixth, and Seventh Circuits in holding Section 15 to be a substantive issue for the courts rather than a procedural issue for the arbitrator. 888 F.Supp. at 55. Likewise, in *Cigna*, the court held the issues of Section 15 determinable by the courts on the basis of particular language in that section. Slip op. at 6. The judge found Section 15's use of "eligible for submission" to be plain language withholding the disputes from the arbitrator's jurisdiction. Slip op. at 5.

The court went further in its efforts to establish Section 15 as a substantive bar by attempting to distinguish *County of Durham*, while admitting in the process that the distinction was subtle. Slip op. at 7. However, this Court cannot find any Fourth Circuit opinion recognizing this subtle distinction. Furthermore, the *Cigna* court understandably did not consider the Fourth Circuit's position in *Miller* because neither party brought the case to the court's attention.

Moreover, the *Cigna* court, at the time of its holding, having only a Seventh Circuit case at its disposal, could not adequately consider Section 35. Section 35 of the NASD Code provides that:

> The arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code which interpretation shall be final and binding on the parties.

The *Cigna* court based its decision about Section 35 on a Seventh Circuit case that addressed Section 35's applicability in a footnote. *See Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509, 514 (7th Cir.1992). Subsequent to *Cigna*, however, the Eighth Circuit found Section 35 especially persuasive in its decision to send the issues related to Section 15 to the arbitrator. *FSC Securities Corp.*, 14 F.3d at 1312.

> As noted above, the parties expressly agreed to have their dispute governed by the NASD Code of Arbitration Procedure.

This means they adopted the entire NASD Code, including Section 35. Unlike the Seventh Circuit, we hold that the parties' adoption of this provision is a "clear and unmistakable" expression of their intent to leave the question of arbitrability to the arbitrators. In no uncertain terms, Section 35 commits interpretation of all provisions of the NASD Code to the arbitrators. *Id.* Here, the parties have agreed that arbitration in accordance with the NASD Code is appropriate and therefore have invoked all provisions of that Code.

Section 35's application, and the Fourth Circuit's position in *Miller* further influence this Court's decision to adhere to the federal policy in favor of arbitration. Agreements to arbitrate subsequent disputes are meant to encourage and enforce out-of-court settlements. Merrill Lynch's position on this issue would undoubtedly force this and other courts to engage in lengthy hearings to determine when a claim arose, and what the parties intended in making the agreement before any dispute ever reached an arbitrator.

In conclusion, the parties agreed that resolution of these issues is intended and better suited for the arbitrator. The Court therefore denies Merrill Lynch's petition for a declaratory judgment that any claims raised by Conroy as to securities purchased six years or more before the initiation of the NASD arbitration are ineligible under the NASD Code and should be dismissed. Accordingly, Merrill Lynch's motion to enjoin Conroy from pursuing such claims before the NASD is also denied.

### 2. Claims in litigation

■■■ Merrill Lynch moves for an injunction barring Conroy from pursuing claims in litigation that are found ineligible for arbitration. The parties' Arbitration Agreement provides that "all controversies" arising between Conroy and Merrill Lynch "shall be determined by arbitration." In fact, Section 13 of their Agreement specifically provides that "The parties are waiving their right to seek remedies in court, including the right to jury trial." The parties clearly agreed to pursue all potential disputes in arbitration, not in court.

Several cases with similar customer agreements support the position that arbitration should be the only forum available to Conroy. *See Calabria v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 855 F.Supp. 172, 174 (N.D.Tex.1994) (allowing litigation of claims ineligible under Section 15 "requires an unnatural reading of the agreement and the NASD Code."); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Shelapinsky,* 1994 WL 397123 at p. 5 (W.D.Pa. Mar. 10, 1994) ("Plaintiff's choice of fora were the NYSD or NASD. The federal district court is not among them."); *Piccolo v. Faragalli,* 1993 WL 331933 at p. 2 (E.D.Pa. Aug. 24, 1993) (To hold that claims ineligible for arbitration are instead litigable "would only encourage a plaintiff seeking to avoid arbitration to wait six years and then assert his claims in federal district court."); *Castellano v. Prudential–Bache Securities, Inc.,* 1990 WL 87575 at p. *3 (S.D.N.Y. June 19, 1990) ("Now that the NYSE has dismissed his claim as time-barred, plaintiff may not procure a second forum to entertain his claim.").

The only caselaw offered in support of Conroy's position that claims ineligible for arbitration are still litigable is a district court case in Kansas that does not directly address the issue. *See Shelapinsky,* 1994 WL 397123 at pp. 3–4 (discussing *Prudential Securities, Inc. v. LaPlant,* 829 F.Supp. 1239 (D.Kan. 1993)). The parties simply did not provide for an alternative forum to resolve their disputes under any contingent circumstances, and the Court has no choice but to enforce that agreement. To do otherwise would "only encourage a plaintiff seeking to avoid arbitration to wait six years and then assert his claims in federal district court." *See Piccolo,* 1993 WL 331933 at p. *6 (applying Rule 603).

Accordingly, Conroy's petition for leave to file an amended complaint to assert claims found ineligible for arbitration is denied. However, the Court finds that an injunction barring Conroy from pursuing in litigation any claims found ineligible for arbitration is unnecessary. The Court's holding provides an adequate disposition of the issue and will

have a res judicata or collateral estoppel effect in subsequent litigation. Therefore, Merrill Lynch's motion to enjoin Conroy from pursuing in litigation any claims found ineligible for arbitration is also denied.

### C. Petition to Compel Arbitration before the NASD

██ Conroy moves in the alternative for summary judgment to compel Merrill Lynch to arbitrate before the NASD. Merrill Lynch moves for summary judgment against Conroy on the same issue. In order to avail herself of the procedures in Section 4, Conroy must be "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." See 9 U.S.C. § 4. Merrill Lynch argues that it is willing to submit any "eligible" claims to arbitration before the NASD, and therefore, Conroy is not a party aggrieved.

However, as discussed above, in this circuit, determination of Section 15 of the NASD Code is left to the arbitrator. Though Merrill Lynch has not outrightly refused to arbitrate, it has asked this Court to preclude certain claims from arbitration. Some courts with similar views of the arbitrator's role have found a suit to preclude claims from arbitration by Section 15 persuasive in determining this issue. See Dean Witter v. Prouse, 831 F.Supp. 328, 332, 333 (S.D.N.Y.1993) (footnote 7 and footnote 8 citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Noonan, 1992 WL 196741 (S.D.N.Y.1992)).

This Court also finds this reasoning persuasive and therefore under Section 4 of the FAA orders the parties to arbitrate before the NASD in the manner provided by their customer agreement. However, this order preserves the arbitrator's right to find Conroy's claims ineligible under Section 15 of the NASD Code of Arbitration.

IT IS THEREFORE ORDERED that Plaintiff's Petition to Compel Arbitration before the AAA is hereby DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to enjoin the Plaintiff from pursuing claims before the AAA is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Petition to Compel Arbitration before the NASD in the Western District of North Carolina is hereby GRANTED preserving, however, the right of the arbitrator to find Plaintiff's claims ineligible for arbitration pursuant to Section 15 of the NASD Code of Arbitration.

IT IS FURTHER ORDERED that Plaintiff's Petition for leave to file an amended complaint to assert claims found ineligible for arbitration is hereby DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to enjoin the Plaintiff from pursuing claims raised as to securities purchased six years or more before the initiation of the NASD arbitration is hereby DENIED.

IT IS FURTHER ORDERED that Defendant's Petition for a declaratory judgment that any claims raised by Conroy as to securities purchased six years or more before the initiation of the NASD arbitration are ineligible under the NASD Code and should be dismissed is hereby DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to enjoin the Plaintiff from pursuing claims in litigation that are found ineligible for arbitration is hereby DENIED.